IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 10-0677-WS-N |
| R.H. SIMMONS, L.L.C. and RANDALL H. SIMMONS, | ) ) ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMEDATION

This action comes before the court on the Motion for Entry of Default Judgment (doc. 15) filed by plaintiff against both defendants. The action was assigned to the District Judge (doc. 22) who referred this motion to the undersigned for entry of a Report and Recommendation. An evidentiary hearing to determine damages was held before the undersigned on Thursday, October 20, 2011, at which Attorneys Rashad Blossom and Glenn Glover were present on behalf of the plaintiff. In addition, Mr. Charles B. Cook of Wells Fargo Bank testified at the hearing.

In its prior order, (doc. 16), the court set forth the standard of proof applicable to determining damages in a default judgment. In sum, Eleventh Circuit case law "requires a judicial determination of damages absent a factual basis in the record." Anheuser Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2003). Plaintiff has produced a significant amount of documentary evidence and affidavit testimony concerning the amount of damages which, with the evidence put forth at the hearing and the defendant's stipulation (doc. 24) concerning attorneys' fees, is adequate to support a determination of damages.

Factual Findings

Plaintiff Wells Fargo Bank, N.A., filed a complaint (doc. 1) on December 7, 2010, against defendants Randall H. Simmons and R.H. Simmons, L.L.C., seeking recovery of principal, interest and costs, including attorneys' fees, pursuant to a note, mortgage and guaranty. The complaint alleged that R.H. Simmons, L.L.C. had obtained a two million dollar line of credit, guaranteed by Randall H. Simmons, giving Wachovia Bank a promissory note and guaranty as well as a mortgage on certain real property. Plaintiff succeeded to the rights under the note and guaranty through merger with Wachovia Bank.

Following default, plaintiff foreclosed on the mortgaged property and purchased it at foreclosure auction on January 15, 2009, for a total of $937,120.00, leaving a deficiency balance. In addition, both the note and the guaranty provide that plaintiff may recover costs and expenses, including attorneys fees incurred in enforcing and collecting the note. From the proceeds of the foreclosure sale, plaintiff repaid itself for all interest[1] accrued, in the amount of $62,281.18, $3,666.05 in late fees, appraisal costs of $2,200.00, attorneys' fees expended in the collection of this loan to that point amounting to $24,798.70, and attorneys fees and other costs of foreclosure in the sum of $1,362.19. Following deduction of these amounts, the remaining proceeds were applied to defendants' principal balance, leaving a deficiency balance of $398,823.41.

The record reflects that both defendants were served with process (docs. 5&6) on February 9, 2011. Neither defendant has appeared or otherwise defended this action since that time. On that basis, the Clerk of Court entered a default (doc. 9) against both defendants pursuant to Fed.R.Civ.P. 55(a) on April 12, 2011. Notice of the entry of default mailed to the

---

[1] Under the note, interest has accrued at the rate of 6.25% since the defendants' default. The interest has not been capitalized and continues to accrue at a rate of $72.01 per day.

address provided was returned as undeliverable (docs. 10&11) on April 18, 2011. A second mailing on April 19, 2011, to the address listed on the summons returns have not been returned by the postal service. Plaintiff filed the instant Motion for Entry of Default Judgment on July 12, 2011.

The undersigned reviewed the time records presented by plaintiff in support of the request for attorneys' fees. On November 3, 2011, the undersigned entered an order (doc. 23) noting her intention to recommend that the court find certain charges were not chargeable by defendants, and noting the lack of evidence of the experience of defendants' counsel. The order provided that plaintiff was to provide evidence of attorney experience and to amend its fee calculation to reflect that experience (using the rates found reasonable in recent decisions of this court, as set forth in that order) and omitting the work found non-compensable. The order allowed plaintiff to alternatively stipulate to a lump sum award of fees in an amount deemed by the undersigned to be reasonable and to be no more than the defendants would be required to pay under a detailed analysis of the amended time hours and rates, based upon the evidence then before the court.

The undersigned indicated her intention to recommend that the court find legal charges related to attempts to sell the note or mortgaged property prior to the foreclosure and to sell the foreclosed property after foreclosure are not compensable from the debtors under the terms of the note, guaranty and mortgage. In light of the stipulation by plaintiff, it is unnecessary for the court to make a final determination of this issue.

Plaintiff is entitled under the note and guaranty to charge defendants its expenses related to collection of the amount secured by the note, guarantee and mortgage. There are, however,

certain limited exceptions: two CALR[2] expense entries appear to have been related to the resale of the property by the bank or are otherwise unexplained, totaling $706.03. Except for this amount, plaintiff's claimed expenses are chargeable to defendants.

The undersigned recommends that the court find plaintiff is entitled to judgment by default against both defendants, jointly and severally, in the following amount:

| | |
|---|---|
| Principal balance post-foreclosure[3] | $398,823.41 |
| Interest [1/15/09 – 8/30/11] | $ 68,913.36 |
| Interest [8/31 – 12/14/11: 105 days @ 72.01/day][4] | $ 7561.05 |
| Attorney's Fees [since foreclosure-stipulated] | $ 15,000.00 |
| Costs [net post-foreclosure] | $ 1,708.13 |
| TOTAL: | $492,005.95 |

It is hereby RECOMMENDED that the plaintiff's motion for default judgment be GRANTED, and that judgment be entered against both defendants, jointly and severally, in the amount of $492,005.95 plus accrued interest from December 14, 2011, through the date of the judgment at the rate of $72.01/day, plus post-judgment interest at the statutory rate then in effect.

---

[2] CALR stands for "Computer Assisted Legal Research."

[3] A small amount of the pre-foreclosure attorneys' fees which were offset by plaintiff against the amount realized at foreclosure have been disallowed; given the small amount at issue and the even smaller difference such recalculation would have on the total judgment, the court has not re-calculated the post-foreclosure principal balance, but uses the figure proposed by the plaintiff. Reduction by the total of noncompensatory damages should render an amount identical or almost identical to the alternative calculation.

[4] This amount, current through 12/14/11, should be amended upon entry of a final order and judgment to include additional pre-judgment interest in the amount of $72.01/day for each day between the instant date and the date of such order and judgment. In addition, the final order should include a provision for post-judgment interest at the statutory rate then in effect.

The attached sheet contains important information regarding objections to the Report and Recommendation.

DONE this the 14th day of December, 2011.

/s/   Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within **fourteen (14) days** of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten [now fourteen] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

(Emphasis added) A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE